1
2
3
4
5

6                    **UNITED STATES DISTRICT COURT**

7                  **SOUTHERN DISTRICT OF CALIFORNIA**

8

9   RICKO REED,                                CASE NO. 11cv819 BEN  (WMc)

10                              Plaintiff,      **REPORT & RECOMMENDATION**
                                                **OF U.S. MAGISTRATE JUDGE**
11            vs.                               **RE: GRANTING DEFENDANTS'**
                                                **MOTION TO DISMISS**
12   MORTIMER, et al.,
                                                **[Doc. No. 10]**
13                              Defendants.

14

15   **I.    INTRODUCTION**

16        Ricko Reed ("Plaintiff"), a prisoner currently incarcerated and proceeding *pro se* and *in forma*

17   *pauperis,* has filed a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff alleges correctional

18   officers applied handcuffs too tightly to his wrists and failed to adjust them when they caused pain in

19   violation of the Eighth Amendment. [ECF No. 1] On November 14, 2011, Defendants filed a motion

20   to dismiss Plaintiff's complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules

21   of Civil Procedure.  [ECF No. 10.]

22        This Report and Recommendation is submitted to United States District Judge Roger T.

23   Benitez, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.3 of the United States District Court for

24   the Southern District of California.  After reviewing the pleadings, Defendants' briefs and any exhibits

25   filed in support thereof,[1] for the reasons set forth below, the Court recommends Defendants' Motion

26   for to Dismiss be **GRANTED** as discussed below.

27

28   _____

         [1]Plaintiff failed to file any opposition to Defendants' Motion to Dismiss.

## II.      ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that while incarcerated at the Centinela State Prison a race riot erupted. Plaintiff asserts that while he was involved in the riot, he was not the aggressor, "but was only protecting himself from any type of harm." [Plaintiff's complaint, ECF No. 1 at p. 2.]   Plaintiff alleges that when order was restored, he was placed in handcuffs by correctional officer Defendant Mortimer. Plaintiff contends the handcuffs were too tight and he told Mortimer about the physical pain and discomfort he was experiencing.  *Id.*  Nevertheless, Mortimer did nothing to adjust the handcuffs.

Plaintiff alleges he was thereafter escorted away from the prison yard to the "Facility C" law library by another correctional officer, Defendant Valdivia.  Plaintiff waited in the law library for a medical evaluation and told Validivia at that time that his handcuffs, which held Plaintiff's wrists behind his back, were too tight.  Plaintiff contends Valdivia ignored his comment.  *Id.*  Plaintiff alleges that while sitting by Validivia, he next told correctional officer Defendant Barajas that the handcuffs were causing him physical pain and asked if the cuffs could be loosened.  Barajas, who "watch[ed] over" Plaintiff in the law library, also ignored Plaintiff's complaint of pain.  [Plaintiff's complaint, ECF No. 1 at pp. 2-4.]  Plaintiff alleges he also told the supervising sergeant Defendant Klester his handcuffs were too tight and asked if they could be loosened.  Plaintiff claims Klester ignored him and walked away.  *Id.* at 5.  Plaintiff's Exhibits to the Complaint indicate Plaintiff was detained in hand cuffs for "approximately 10 hours."  [Plaintiff's complaint, ECF No. 1 at pp. 10, 16 and 19-20.]

## III.     STANDARD UNDER FED. R. CIV. P. 12(b)(6)

A motion to dismiss for failure to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure, "tests the legal sufficiency of a claim," focusing on the "sufficiency" of a claim statement rather than on the claim's substantive merits.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.  2001). Therefore, courts normally "look only at the face of the complaint to decide" the motion.  *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).  However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss.  *Lewis v. Ollison*, 571 F. Supp. 2d 1162, 1169 (C.D. Cal. 2008); *see also Branch v. Tunnell*, 14 3d . 449, 453-54 (9th Cir. 1994) ("[W]e hold that documents whose contents are alleged in a complaint and whose authenticity no party questions ... may be considered in ruling on a Rule 12(b)(6) motion to dismiss.").  A Rule

12(b)(6) dismissal may be based on either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. __, 129 S.Ct. 1937, 1950 (2009).  In reviewing a complaint for Rule 12(b)(6) dismissal purposes, courts accept allegations of material fact as true and construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  Factual allegations asserted by *pro se* petitioners, "however inartfully pleaded," are held "to less stringent standards" than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519-20 (1972); *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988) ("In civil rights cases where a plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt").  Nevertheless, while "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949, *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (in deciding a motion to dismiss, the court is "not bound to accept as true a legal conclusion couched as a factual allegation"); *see Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.) (the court need not accept as true conclusory allegations, "unwarranted deductions," or "unreasonable inferences"), *amended on other grounds*, 275 F.3d 1187 (9th Cir. 2001).

Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then decide whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S.Ct. at 1250.  A Rule 12(b)(6)dismissal is properly granted if a plaintiff's complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (2009), *citing Twombly*, 550 U.S. at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id.*  Pleading facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility

1   and plausibility of 'entitlement to relief.'" *Id.*, *quoting Twombly*, 550 U.S. at 557.  When a plaintiff

2   has not "nudged [his] claims across the line from conceivable to plausible, [his] complaint must be

3   dismissed." *Twombly*, 550 U.S. at 570.  "Threadbare recitals of the elements of a cause of action,

4   supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949 ("A pleading that

5   offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not

6   do'") *quoting Twombly*, 550 U.S. at 555, 557 (a complaint is insufficient if it tenders "naked

7   assertions" devoid of "further factual enhancement").

8        The Court may not itself supply missing elements in a deficient claim statement.  In spite of

9   the deference courts accord to a plaintiff's factual allegations, it is improper for the court to assume

10  "the [plaintiff] can prove facts which [he or she] has not alleged." *Associated General Contractors*

11  *of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).  Nor must the

12  court "accept as true allegations that contradict matters properly subject to judicial notice or by

13  exhibit." *Sprewell*, 266 F.3d at 988 (citation omitted); *see also Ileto v. Glock Inc.*, 349 F.3d 1191,

14  1200 (9th Cir. 2003) (court need not accept as true unreasonable inferences or conclusions of law cast

15  in the form of factual allegations).  "In sum, for a complaint to survive a motion to dismiss, the non-

16  conclusory 'factual content,' and reasonable inferences [drawn] from that content, must be plausibly

17  suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Service*, 572 F.3d

18  962, 969 (9th Cir. 2009), *quoting Iqbal*, 129 S. Ct. at 1949.

19  **IV.   DEFENDANTS' ARGUMENTS IN SUPPORT OF DISMISSAL**

20       Defendants move to dismiss the Complaint on the following grounds: (1) Plaintiff failed to

21  allege Defendant Mortimer applied handcuffs tightly for the purpose of maliciously causing harm

22  [Def.Mtn. to Dismiss  ECF No. 10-1 at p.4]; and (2) Plaintiff failed to allege Defendants Valdivia,

23  Barajas and Kloster knew of or disregarded a risk to Plaintiff's health by failing to loosen the

24  handcuffs at Plaintiff's request.  [*Id.* at pp. 5-6]

25  **V.     DISCUSSION**

26       **1.     Eleventh Amendment Immunity**

27       All named Defendants seek dismissal of Plaintiff's claims to the extent they are based on acts

28  taken in their official capacities.  While the Eleventh Amendment bars a prisoner's section 1983

1   claims against state actors sued in their official capacities, *Will v. Michigan*, 491 U.S. 58, 66 (1989),

2   it does not bar damage actions against state officials in their personal or individual capacities. *Hafer*

3   *v. Melo*, 502 U.S. 21, 31 (1991); *Pena v. Gardner*, 976 F.2d 469, 472-73 (9th Cir. 1992). When a state

4   actor is alleged to have violated both federal and state law and is sued for damages under section 1983

5   in his individual or personal capacity, there is no Eleventh Amendment bar, even if state law provides

6   for indemnification. *Ashker v. California Department of Corrections*, 112 F.3d 392, 395 (9th Cir.

7   1997). Here, Plaintiff clearly indicates an intent to sue Defendants in both their individual and official

8   capacities. [*See* Compl. at ECF No. 1 at p.3.]  Thus, IT IS **RECOMMENDED THE COURT**

9   **GRANT** all Defendants' Motion to Dismiss on Eleventh Amendment grounds, with prejudice, only

10  to the extent that Plaintiff seeks monetary damages against them in their official capacities.

11          **2.       Eighth Amendment Excessive Force Claim** - **Defendant Mortimer**

12          Defendants seek dismissal of Plaintiff's Eighth Amendment excessive force claim against

13  Defendant Mortimer on the grounds that he failed to adequately plead all the elements required to state

14  an Eighth Amendment excessive force claim. [Def.Mtn. to Dismiss at ECF No. 10-1 at pp.  4-5.]

15  When an inmate claims that prison officials violated his Eighth Amendment rights by using excessive

16  force, the relevant inquiry is "whether force was applied in a good-faith effort to maintain or restore

17  discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

18  An Eighth Amendment violation occurs only when an inmate is subjected to the "unnecessary and

19  wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  To determine whether

20  Plaintiff has satisfied the malicious and sadistic standard, the Court examines the following five

21  factors:  (1) the extent of the injury suffered; (2) the need for the application of force; (3) the

22  relationship between that need and the amount of force used; (4) the threat reasonably perceived by

23  Defendants; and (5) any efforts made to temper the severity of a forceful response. *Hudson*, 503 U.S.

24  at 7; *Whitley*, 475 U.S. at 321.

25          Here, Plaintiff fails to allege Defendant Mortimer maliciously applied the handcuffs to cause

26  harm.  The allegations of the complaint indicate: (1) the handcuffs were tight, uncomfortable and

27  hurting Plaintiff; (2) the handcuffs were applied by Defendant Mortimer after Plaintiff's own admitted

28  participation in a race riot; (3) the handcuffs were needed in order to transport Plaintiff to the law

library for a medical evaluation; (4) Defendants were working to restore order after a race riot and (5) Defendant Mortimer did not reduce the setting on the handcuffs despite Plaintiff's complaint that the handcuffs were too tight.  As explained above, the relevant inquiry for the Court is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.  The facts as alleged and the reasonable inferences that flow from them do not indicate Defendant Mortimer subjected Plaintiff to tight handcuffs capriciously.  Plaintiff's complaint contends the handcuffs were applied by Defendant Mortimer <u>after</u> Plaintiff's participation in a race riot and were used in order to transport Plaintiff to the law library for a medical evaluation.  There is no allegation Defendant Mortimer knew Plaintiff's handcuffs would not be adjusted for the medical evaluation or that Plaintiff would stay cuffed in the same position for approximately 10 hours while in the facility's law library.  Accordingly, **IT IS RECOMMENDED** that Defendants' motion to dismiss Plaintiff's Eighth Amendment claim of excessive force against Defendant Mortimer be **GRANTED.**    The facts alleged and the reasonable inferences therefrom fail to state a claim for Eighth Amendment excessive force on the part of Defendant Mortimer.

> **3.    Deliberate Indifference under the Eighth Amendment - Defendants Valdivia, Barajas and Klester**

Defendants note Plaintiff's Eighth Amendment claim against Defendants Valdivia, Barajas and Klester is most accurately analyzed as a cause of action for deliberate indifference because Defendants Valdivia, Barajas and Klester did not apply handcuffs to Plaintiff.  Defendants Valdivia, Barajas and Klester are subjects of Plaintiff's complaint because they did not loosen Plaintiff's handcuffs after he notified them of his pain and requested an adjustment. [Def.Mtn. to Dismiss at ECF No. 10-1 at pp. 5, 7.]

Prison officials violate a prisoner's Eighth Amendment right to be free from cruel and unusual punishment if they are deliberately indifferent to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106  (1976); *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989).  To succeed on a deliberate indifference claim, a plaintiff must demonstrate facts sufficient to prove that he has or had a serious medical need and that a particular defendant acted with deliberate indifference to that need. *See id.* at 104-05 (1976).

A prisoner must satisfy both objective and subjective elements to establish an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834-837 (1994). To establish the subjective component of a deliberate indifference claim, "an inmate must allege sufficient facts to indicate that prison officials acted with a culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 302 (1991). A prison official must have *actual* knowledge of an "excessive risk to inmate health and safety," possessing both the facts from which an inference of serious risk to health and safety could be drawn and then drawing that inference. *Farmer*, 511 U.S. at 837. Even gross negligence, without more, does not constitute "deliberate indifference." *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir.1990). Moreover, a mere delay in treatment does not constitute a violation of the Eighth Amendment, unless the delay or denial was harmful. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985); *Hunt*, 865 F.2d at 200 ("[D]elay in providing a prisoner with dental treatment, standing alone, does not constitute an Eighth Amendment violation.").

The court must also focus on the seriousness of the prisoner's medical needs and the nature of the defendants' response to those needs. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. at 104. Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). The indifference to medical needs must also be substantial; inadequate treatment due to malpractice, or even gross negligence, does not amount to a constitutional violation. *Estelle*, 429 U.S. at 106; *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004) ("Deliberate indifference is a high legal standard.") (citing *Hallett v. Morgan*, 296 F.3d 732, 1204 (9th Cir. 2002); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). Lastly, a plaintiff must establish a causal link between the defendants' conduct and the alleged injury. Without causation, there is no deprivation of a plaintiff's constitutional rights. *Rizzo v. Goode*, 423 U.S. 362, 370-371 (1976).

Here, Plaintiff alleges that while he waited in the law library for a medical evaluation, he told Validivia that his handcuffs, which held Plaintiff's wrists behind his back, were too tight. [Plaintiff's complaint, ECF No. 1 at p. 2.] Valdivia ignored his comment. While sitting "by Valdivia", Plaintiff

next told Barajas that his handcuffs were painful and asked if the cuffs could be loosened.  *Id.*
Barajas, who "watch[ed] over" Plaintiff in the law library, also ignored Plaintiff.  [*Id.* at pp. 2-4.]
Plaintiff finally told supervising sergeant Defendant Klester that  his handcuffs were too tight and
asked if they could be loosened, but Klester ignored him and walked away.  *Id.* at 5.  Plaintiff
remained in handcuffs for "approximately 10 hours."  [*Id.* at pp. 10, 16 and 19-20.]  Plaintiff's injuries
are alleged to be the pain and discomfort he suffered to the left hand and left shoulder while
handcuffed during the 10-hour period.  [*Id.* at pp 13, 19.]

       After a review of Plaintiff's allegations, it is recommended the Court find Plaintiff failed to
allege facts demonstrating Defendants Valdivia, Barajas and Klester had *actual* knowledge of an
"excessive risk to inmate health and safety," by failing to adjust Plaintiff's handcuffs or leaving him
cuffed for a 10-hour period.   *Farmer*, 511 U.S. at 837.  As the Court explained, even gross
negligence, without more, does not constitute "deliberate indifference."  *Wood v. Housewright*, 900
F.2d 1332, 1334 (9th Cir.1990).  Moreover, a mere delay in treatment does not constitute a violation
of the Eighth Amendment, unless the delay or denial was harmful.  *See Shapley v. Nevada Bd. of State
Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).  From the facts alleged here, it does not appear
Defendants' 10-hour delay in removing the handcuffs was harmful or resulted in significant injury.
These allegations do not rise to the level of an Eighth Amendment deliberate indifference claim.  In
order to survive a motion to dismiss, Plaintiff's complaint must contain specific, concrete and
nonconclusory allegations with evidence of unlawful intent. *Barry v. Ratelle*, 985 F.Supp. 1235,1239
(S.D. Cal. 1997).  Accordingly, **IT IS RECOMMENDED** that the Defendants' motion to dismiss
Plaintiff's Eighth Amendment claim against Defendants Valdivia, Barajas and Klester be **GRANTED**.

**VI.**    **CONCLUSION**

       For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order
**GRANTING** Defendants' Motion to Dismiss Plaintiff's Complaint for failing to state a claim upon
which § 1983 relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).

       **IT IS ORDERED** that no later than **February 22, 2012**,any party to this action may file a
written objection with the Court and serve a copy on all parties.  The document should be captioned
"Objections to Report and Recommendation."

1         **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court

2    and served on all parties no later than **March 14, 2012**.  The parties are advised that failure to file

3    objections within the specified time may result in a waiver of the right to raise those objections on

4    appeal of the Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *see also*

5    *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

6         **IT IS SO ORDERED.**

7    DATED:   January 31, 2012

8                                          Hon. William McCurine, Jr.

9                                          U.S. Magistrate Judge, U.S.District Court