# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKO REED,<br><br>                            Plaintiff,<br>    vs.<br><br>MORTIMER, et al.,<br><br>                           Defendants. | CASE NO. 11cv819 BEN (WMc)<br><br>**ORDER DENYING *EX PARTE* MOTION FOR APPOINTMENT OF COUNSEL**<br><br>[ECF NO. 15.] |

## I. INTRODUCTION

On March 29, 2012, Ricko Reed ("Plaintiff"), a prisoner currently incarcerated and proceeding *pro se* and *in forma pauperis,* filed a motion for appointment of counsel in this civil rights action pursuant to 42 U.S.C. § 1983. [ECF No. 15.] In his civil rights complaint, Plaintiff alleges cruel and unusual punishment as well as deliberate indifference to medical needs under the Eighth Amendment. [ECF No. 1.] Plaintiff seeks appointment of counsel in the above-entitled matter to assist him with legal research and other issues in light of his limited access to the prison law library, lack of legal training and the perceived complexity of his case. [Motion, ECF No. 15 at pp. 2-3.]

## II. STANDARD OF REVIEW

There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). The Court may request an attorney to voluntarily represent a person proceeding *in forma pauperis* who is unable to afford counsel. 28 U.S.C. § 1915(d). However, such a request may only be made under section 1915 in "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)(citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.

1986)). A determination of exceptional circumstances requires the Court's consideration of: (1) the likelihood of success on the merits, and (2) the ability of the Plaintiff to state his claims *pro se* in light of the complexity of the legal issues involved. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). Neither the need for discovery, nor the fact the *pro se* litigant would be better served with the assistance of counsel require a finding of exceptional circumstances. *Id.* Both of the exceptional circumstances factors must be considered together before reaching a decision. *See Rand*, 113 F.3d at 1525; *Terrell*, 935 F.2d at 1017; *Wilborn,* 789 F.2d at 1331.

### III. DISCUSSION AND ORDER THEREON

In this matter, Plaintiff alleges correctional officers applied handcuffs too tightly to his wrists and failed to adjust them when they caused pain in violation of the Eighth Amendment. [ECF No. 1.] After careful consideration of the claims in the Complaint, the Court finds the issues of cruel and unusual punishment and deliberate indifference presented therein are not particularly complex. Moreover, despite Plaintiff's assertion of limited access to the prison law library as a result of lockdown conditions, Plaintiff's access to the court has not been hindered as he has been able to successfully file a Complaint, an IFP motion and the instant motion for appointment of counsel. The Court does not find exceptional circumstances exist at this time to warrant appointment of counsel. Accordingly, Plaintiff's motion for appointment of counsel is **DENIED** without prejudice.

**IT IS SO ORDERED.**

DATED: April 3, 2012

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S.District Court