# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKO REED,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br><br>MORTIMER, et al.,<br><br>　　　　　　　　　　Defendants. | CASE NO. 11cv819 BEN (WMc)<br><br>**ORDER:**<br>• **ADOPTING REPORT AND RECOMMENDATION**<br>• **GRANTING MOTION TO DISMISS**<br><br>[Dkt. Nos. 10-11] |

## INTRODUCTION

Plaintiff Ricko Reed, a state prisoner proceeding pro se brought this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges he was placed in handcuffs that were too tight and his requests to loosen them were ignored by correctional officers. On November 14, 2011, Defendants filed a Motion to Dismiss Plaintiff's Complaint. Dkt. No. 10. Plaintiff did not file an Opposition to the Motion. On January 31, 2012, the Honorable Magistrate Judge William McCurine issued a Report and Recommendation, recommending that the Court grant Defendants' Motion. Dkt. No. 11. On March 29, 2012, Plaintiff filed Objections to the Report and Recommendation. Dkt. No. 14. Defendants filed a Reply to those Objections on April 11, 2012. Dkt. No. 17. Having conducted a de novo review, the Court **ADOPTS** the well-reasoned Report and Recommendation of the Magistrate Judge over Plaintiff's Objections. Defendants' Motion to Dismiss is **GRANTED**.

///

## DISCUSSION

The Court need only conduct a de novo review of those issues to which Plaintiff objects. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc), *cert denied*, 540 U.S. 900 (2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005). Plaintiff does not object to any specific portions of the Report and Recommendation. Instead, he simply restates some of the allegations of his Complaint. Despite the absence of specific objections, the Court has conducted a de novo review and **ADOPTS** the Report and Recommendation.

The Court agrees that Plaintiff's claims are barred based on Eleventh Amendment grounds only to the extent Plaintiff is seeking monetary damages against the Defendants in their official capacities. *Ashker v. Cal. Dep't of Corr.*, 112 F.3d 392, 395 (9th Cir. 1997).

The Court also agrees that Plaintiff has failed to state a claim against Defendants Mortimer, Valdivia, Barajas, and Klester. As to Defendant Mortimer, Plaintiff alleges that Mortimer put Plaintiff in tight handcuffs to transport him for medical evaluation following a race riot. There are no facts from which the Court could even infer that Defendant Mortimer subjected Plaintiff to tight handcuffs maliciously or sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (finding the core judicial inquiry for excessive force claim is determining "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm") .

As to Defendants Valdivia, Barajas, and Klester, Plaintiff alleges that each ignored his requests to have the handcuffs loosened. From the facts alleged in the Complaint, the Court cannot infer that Defendants knew of and ignored an "excessive risk to inmate health and safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1970) ("the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference").

///
///
///
///

**CONCLUSION**

The Court **ADOPTS** the Report and Recommendation in its entirety over Plaintiff's objections and **GRANTS** Defendants' Motion to Dismiss. Plaintiff's Complaint is **DISMISSED**.

**IT IS SO ORDERED.**

DATED: June 28, 2012

Hon. Roger T. Benitez
United States District Judge